RAYMOND S. AUGUST, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4757–69.   Filed July 28 ,1970.

*Erwin E. Cooper*, for the petitioner.
*Joel Gerber*, for the respondent.

OPINION

DAWSON, *Judge:* On October 30, 1969, respondent filed a motion to dismiss the petition in this proceeding for lack of jurisdiction because it was not filed within 90 days after the notice of deficiency was mailed to petitioner, as provided by section 6213(a), I.R.C. 1954. Upon petitioner's objection to the motion, it was eventually calendared for hearing at Boston, Mass., on May 25, 1970.[1]

A notice of deficiency dated June 18, 1969, was sent by certified mail to the petitioner at his last-known address (111 Perkins Street, Jamaica Plain, Mass. 02130) on June 18, 1969. The 90-day period for

---

[1] Petitioner's counsel requested 30 days from May 25, 1970, in which to file a memorandum brief. To date no brief has been received from petitioner. Respondent filed a memorandum brief on June 24, 1970.

timely filing a petition with this Court expired on September 16, 1969. The petition was sent by certified mail on September 17, 1969, which date is 91 days after June 18, 1969, and was received and filed in this Court on September 18, 1969, which is the 92d day after the notice of deficiency was sent to petitioner.

At the hearing the petitioner submitted in evidence the envelope in which the notice of deficiency had been mailed to him. It bore no postmark (which is customary of certified mail sent by the Internal Revenue Service), but upon its face, in the upper middle portion above petitioner's address, the numerals "7-4" are written in ink. Petitioner claims that the numerals "7-4" indicate that the notice of deficiency was mailed on July 4, 1969, rather than June 18, 1969, and, therefore, that his petition was timely filed with the Court. Respondent, on the other hand, contends that the evidence he submitted clearly supports his contention that the notice of deficiency was "mailed" to petitioner on June 18, 1969.

Section 6212(a), I.R.C. 1954, provides that when the Secretary or his delegate determines there is a deficiency in income tax he is authorized to send notice of such deficiency to the taxpayer by certified or registered mail. Section 6212(b)(1) provides that it shall be sufficient if the notice of deficiency is mailed to the taxpayer at his last-known address. Section 6213(a) provides that a petition must be filed with the Tax Court within 90 days from the date the notice of deficiency is mailed. Unless such petition is filed or mailed within such 90-day period this Court does not acquire jurisdiction of the case. *Vibro Mfg. Co.* v. *Commissioner*, 312 F. 2d 253 (C.A. 2, 1963); *Estate of Frank Everest Moffat*, 46 T.C. 499 (1966). An untimely petition must be dismissed for lack of jurisdiction. *Nathaniel A. Denman*, 35 T.C. 1140 (1961). Even though an inequity may result, a petitioner cannot be relieved from the jurisdictional requirements of the statute. *Healy* v. *Commissioner*, 351 F. 2d 602 (C.A. 9, 1965); *Rich* v. *Commissioner*, 250 F. 2d 170 (C.A. 5, 1957).

It is well settled that the date appearing on the deficiency notice is not proof of the date of its mailing or that the 90-day period for filing a petition with this Court runs from such date. *Southern California Loan Association*, 4 B.T.A. 223, 226 (1926). The critical date is the date the deficiency notice was "mailed," and that date must be established by the respondent. See and compare *Anne M. Evans*, T.C. Memo. 1955–126, affirmed per curiam on another issue 235 F. 2d 586 (C.A. 8, 1956); *Tenzer* v. *Commissioner*, 285 F. 2d 956, 958 (C.A. 9, 1960); *Cohen* v. *United States*, 297 F. 2d 760, 772 (C.A. 9, 1962); and *Southern California Loan Association, supra*. The date the de-

ficiency notice is actually received by the taxpayer is not controlling. *Cohen* v. *United States, supra* at 772.

The Internal Revenue Service endeavors to make sure that a deficiency notice is issued in proper form to the correct taxpayer and that it is mailed within the statutory period. Since the Commissioner may be required to prove the mailing of the deficiency notice, the exact date of mailing, together with the postal certification or registry number, are carefully preserved in its records for that purpose. The regular administrative procedures were followed in the instant case.

We think respondent has submitted persuasive evidence that the notice of deficiency was "mailed" to the petitioner on June 18, 1969. John Djinivis, chief mail clerk for the Boston Office of the Internal Revenue Service, testified that a standard procedure is followed in mailing statutory notices of deficiency. The notices are first brought to the mailroom by a clerk from the Review Section of the Audit Division. The names on the notices are then checked by the mailclerk against the names listed on the Post Office Department form 3877, Application for Registration or Certification, which list is brought from the Review Section, along with the letters, by the review clerk. The review clerk then signs the reverse side of the form 3877, certifying that the notices listed on the front side of the form 3877 were in fact delivered to the mailclerk on the particular day indicated by the review clerk. The mailclerk thereupon inserts the notice of deficiency in the envelope, and seals the envelope. The mailclerk next assigns numbers, one to each notice of deficiency, in a consecutive manner, so that each notice bears a different number from other numbered letters mailed on the same or other days. The assigned number is written by the mailclerk upon the cover in which the notice of deficiency has been enclosed, and is recorded on the form 3877 beside the name of the taxpayer to whom the particular notice is addressed. The mailclerk then records the assigned numbers in his daily logbook, noting the particular numbers assigned, the date on which those numbers were assigned, and the type of letter (i.e., 90-day statutory notice, registered mail) to which the particular numbers were assigned. The mailclerk then personally takes the numbered letters and the form 3877 to the U.S. Post Office, and delivers the letters into the custody of a Post Office clerk. The Post Office clerk checks the number of envelopes delivered into his custody by the Internal Revenue Service mailclerk against the number of letters listed on the face of the form 3877, and checks the addressees on the envelopes with the names listed on the form 3877. The Post Office clerk then verifies that the letters accepted by him from the mailclerk match

the letters described on the face of the form 3877, by stamping the mailing date and the Post Office station at which the letters were mailed, on the form 3877. This completes the procedure which is regularly pursued to ensure that statutory notices of deficiency are mailed and that the date of mailing is accurately recorded.

Djinivis testified that his daily logbook, in which he is required to make note of all 90-day certified mail which passes through the mailroom, indicates that forty 90-day statutory notices of deficiency were assigned the consecutive numbers 543613 through 543652 on June 18, 1969. These 40 numbers include the number 543616, which is the number assigned to the envelope bearing the notice of deficiency mailed to petitioner. As Djinivis testified, the regular mailroom procedure is to place these numbered letters in the custody of the Post Office immediately after the numbers are recorded in the logbook. Djinivis' logbook is corroborated by the Post Office Department form 3877 which lists the statutory notice of deficiency to petitioner and bears a June 18, 1969, postmark.

The postmark stamped on the face of the form 3877 certifies that the letters listed on the face of that form were, in fact, placed in the custody of the Post Office on June 18, 1969. Since this postmark date is stamped on the form 3877 only after the number of letters and the addressees of the letters have been found by the Post Office clerk to match the number of letters and the addressees of the letters listed on the form 3877, it is clear that the statutory notice of deficiency sent to the petitioner, bearing the Internal Revenue Service mailroom number 543616, was placed in the custody of the Post Office Department on June 18, 1969.

Petitioner has proved only that the envelope reached him with the numbers "7-4" inked on its face. We do not know how, when, or why these numbers were written on the envelope, nor do we know when petitioner received it. Petitioner testified that his agents had also handled the envelope. It is therefore possible that one of them could have written the numbers on the envelope. Even if the numbers were written on the envelope by Post Office employees, we find no reason to assume that they stand for July 4, 1969. And if they do indicate a date, it is not necessarily the date of mailing. We note that July 4, 1969, would have been a holiday for Internal Revenue Service employees and most Post Office employees, and that it is unlikely that respondent delivered or that the Post Office accepted mail on that date. In any event, we will not resort to conjecture by attaching significance to the numbers. Petitioner's meager and inconclusive evi-

dence is not sufficient to rebut respondent's proof that June 18, 1969, was the date the notice of deficiency was mailed to petitioner.[2]

Accordingly, we conclude that the petition filed herein was untimely and that respondent's motion to dismiss for lack of jurisdiction should be granted.

*An appropriate order will be entered.*

---

[2] We point out that we are not confronted in this case with a situation where the envelope containing the notice of deficiency bears an official postmark date later than the date appearing on the face of the form 3877 (Application for Registration or Certification) or the date shown on the notice of deficiency.