HEBER A. SMITH, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Comm'r
Docket No. 6813-89 United States Tax Court
T.C. Memo 1989-508; 1989 Tax Ct. Memo LEXIS 511; 58 T.C.M. (CCH) 173; T.C.M. (RIA) 89508; September 20, 1989
*511 Held, P did not file a petition with this Court within 90 days after the notice of deficiency was mailed. I.R.C. section 6213(a). R's motion to dismiss for lack of jurisdiction is granted. Heber A. *512 Smith, Jr., pro se. Daniel Guy, for the respondent. NIMS
MEMORANDUM OPINION NIMS, Chief Judge: By statutory notice dated November 7, 1988, respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1983
$ 1,497
$ 75
50% of interest
due on $ 1,497
1984
6,515 326
50% of interest
due on $ 6,515
(All section references are to the Internal Revenue Code in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.) Petitioner resided in Kennebunk, Maine, at the time he filed his petition. On June 12, 1989, respondent filed a motion to dismiss the petition in this proceeding for lack of jurisdiction because it was not filed within 90 days after the notice of deficiency was mailed to petitioner, as provided in section 6213(a). On August 25, 1989, petitioner submitted a written statement pursuant to Rule 50(c) wherein he objects to respondent's motion. A hearing was held on this motion on September 6, 1989, at Washington, *513 D.C. A notice of deficiency dated November 7, 1988, was sent by certified mail to petitioner at his last known address (12 Hovey Street, Kennebunk, Maine 04043) on November 7, 1988. The 90-day period for timely filing a petition with this Court expired on Sunday, February 5, 1989. Pursuant to section 7503 and Rule 25(a), when the last day of the period so computed is Sunday, the period runs until the end of the next business day, which in the instant case was Monday, February 6, 1989, which day was not a legal holiday in the District of Columbia. The petition was filed in this Court on April 6, 1989, which is 150 days after the notice of deficiency was sent to petitioner. Petitioner concedes that he did not file a petition within the 90-day period. However, he asserts that (1) he underwent a series of serious medical operations commencing on January 16, 1989, which should stay the running of the 90-day period; and (2) his appointed representative, Frank H. Frye, Esquire, was not sent a copy of the statutory notice and therefore respondent failed to mail the statutory notice to petitioner's "last known address" within the meaning of section 6212. We do not agree with either *514 contention. Section 6213(a) provides that a petition must be filed with the Tax Court within 90 days from the date the notice of deficiency is mailed. Unless such petition is filed or mailed within such 90-day period, this Court does not acquire jurisdiction of the case. August v. Commissioner, 54 T.C. 1535 (1970). The Court does not have authority to extend this period, and an untimely petition must be dismissed for lack of jurisdiction even though an inequity may result. August v. Commissioner, supra at 1536. Although the rule may produce a harsh result, petitioner cites no authority and we believe there to be none for the proposition that the 90-day period was automatically stayed while petitioner was in the hospital. Accordingly, petitioner's argument to the contrary must fail. Next, we address petitioner's assertion that his appointed representative was not sent a copy of the statutory notice and therefore it was not mailed to petitioner's "last known address." Section 6212(b) generally requires that a statutory notice be sent to the taxpayer at his "last known address." Petitioner asserts that when a Power of Attorney and Declaration *515 of Representative (Form 2848) is filed with respondent appointing a duly authorized representative and providing such representative's address, that such address constitutes petitioner's "last known address" for purposes of section 6212(b). We do not agree. It is well established that if a taxpayer intends for his appointed representative's address to constitute his "last known address," then the taxpayer must explicitly direct respondent to send all notices and other written communications to the taxpayer's appointed representative. Expanding Envelope and Folder Corp. v. Shotz, 385 F.2d 402 (3d Cir. 1967); see also Rev. Proc. 61-18, 1961-2 C.B. 550. In the instant case, the executed Form 2848 only directed that "copies of notices and other written communications" be sent to petitioner's representative. Petitioner's Form 2848 did not direct that "all" such communications be sent to his representative. Therefore, petitioner's appointed representative's address did not constitute his "last known address" for purposes of section 6212(a). We further note that respondent's failure to send the appointed representative a copy of the statutory notice does *516 not serve to extend the 90-day period for timely filing a petition. McDonald v. Commissioner, 76 T.C. 750, 752 (1981). We also note that petitioner admitted in open court that he, himself, received the statutory notice well within the 90-day period. Accordingly, an order will be issued granting respondent's motion to dismiss for lack of jurisdiction. An appropriate order will be issued.