ROBERT W. BASS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bass v. Commissioner
Docket No. 22320-90
United States Tax Court
T.C. Memo 1991-213; 1991 Tax Ct. Memo LEXIS 237; 61 T.C.M. (CCH) 2620; T.C.M. (RIA) 91213; May 15, 1991, Filed *237 An order of dismissal for lack of jurisdiction will be entered. Robert W. Bass, pro se. Steven M. Roth and Gregory Arnold, for the respondent. DAWSON, Judge. NAMEROFF, Special Trial Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) [1] and Rule 180 et seq. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. Respondent determined a deficiency in petitioner's Federal income tax for 1986 in the amount of $ 28,935, plus additions to tax under sections 6651(a)(1), 6653(a)(1)(A) and (B), and 6661. On November 15, 1990, respondent moved to dismiss this *238 case for lack of jurisdiction on the ground that the petition was not timely filed. Respondent alleged that the notice of deficiency was mailed to petitioner's last known address on July 2, 1990, and that the 90-day period for timely filing a petition with this Court expired on Monday, October 1, 1990, which date was not a legal holiday in the District of Columbia. Respondent further alleged that the petition was filed on October 3, 1990, having been mailed to the Court by express mail on October 2, 1990. Petitioner filed an objection to respondent's motion in which he contends that respondent's method of counting the 90-day period was "intrinsically unfair to the taxpaying public and inherently violates citizen-taxpayers' Constitutional right not to be deprived of property without due process of law;" and that the notice of deficiency was not sent to petitioner on July 2, 1990. At the hearing on respondent's motion and subsequently in petitioner's Memorandum of Legal Arguments, Points and Authorities, petitioner further contends that this Court should take jurisdiction of the case on the grounds that his minor noncompliance was inadvertent, resulting from a good-faith misapprehension *239 regarding the rules, and was a harmless error; and that Rules 31(d) and 160 permit the Court to obtain jurisdiction by doing substantial justice and disregarding an error or defect which does not affect the substantial rights of the parties. Petitioner also contends that rule 55(c) of the Federal Rules of Civil Procedure allows the Court to set aside an entry of default in accordance with rule 60 of the Federal Rules of Civil Procedure, permitting a party relief from an inadvertence or excusable neglect. Unfortunately for petitioner, we disagree with his contentions and must grant respondent's motion. Petitioner will need to obtain his judicial hearing on the merits of the tax controversy in a different forum following the refund procedure. Section 6213(a) provides that a petition must be filed with the Tax Court within 90 days from the date the notice of deficiency is mailed. Unless the petition is filed or mailed within such 90-day period, this Court does not acquire jurisdiction of the case. This Court does not have authority to extend this period, and an untimely petition must be dismissed for lack of jurisdiction, even though an inequity may result. August v. Commissioner, 54 T.C. 1535, 1536 (1970). *240 This is true even though, as here, the petition was mailed to the Court by petitioner one day late, on the 91st day. The first question to resolve is the date of the mailing of the notice of deficiency. One of respondent's witnesses testified as to the customary and usual procedure for the preparation and mailing of the notices of deficiency and preparation of the certified mail list. Another witness testified as to the procedures of the United States Post Office in dealing with certified mail and notices of deficiency. The testimony of these witnesses points to the conclusion that the notice of deficiency addressed to petitioner was given to the Post Office, and the certified mail list was stamped by them, on July 2, 1990. A certified mail list, U.S. Postal Service Form 3877, reflecting Postal Service receipt, represents direct documentary evidence of the date and the fact of mailing. Coleman v. Commissioner, 94 T.C. 82, 90 (1990). A properly completed Form 3877 also reflects compliance with IRS established procedures for its preparation and mailing, and, in the absence of contrary evidence, establishes that the notice of deficiency was properly sent. *241 Keado v. United States, 853 F.2d 1209, 1213 (5th Cir. 1988); United States v. Ahrens, 530 F.2d 781, 784 (8th Cir. 1976). On this record, the Court is satisfied and so finds that respondent mailed the notice of deficiency to petitioner for the taxable year 1986 on July 2, 1990. Coleman v. Commissioner, supra.
Petitioner offered no persuasive evidence to the contrary. Petitioner's evidence consisted primarily of: (1) His uncontroverted testimony that mail can travel from the Federal building in Los Angeles, California, to his residence in one day; and (2) that the earliest attempted delivery was on July 6, implying that the notice of deficiency could not have been mailed on July 2. Petitioner further contends that the notice of deficiency was not mailed on July 2, 1990, because it was very possible that the notice of deficiency did not leave the Federal building on that date. Petitioner confuses the act of mailing by respondent with the act of delivery by the Post Office. Handing the notice of deficiency to Post Office employees and having the certified mail list stamped by the postal employees constitutes the act *242 of mailing. It is that act which triggers the 90-day period for filing a timely petition. The fact that the Internal Revenue Service and the Post Office are in the same building is of no consequence. The time that it takes the Post Office to cause a piece of mail to be delivered is also of no consequence, for the 90-day period runs from the date of mailing and not the date of receipt. We hold that the notice of deficiency was mailed by respondent on July 2, 1990. The 90-day period expired on September 30, 1990. Rule 25(a). Because this day was a Sunday, section 7503 and Rule 25(a)(2) extended the period to Monday, October 1, 1990. Because petitioner did not mail his petition until October 2, 1990, nor file his petition until October 3, 1990, petitioner did not file his petition within the time mandated by statute, and we must dismiss the case for lack of jurisdiction. Petitioner contends that rules 55(c) and 60 of the Federal Rules of Civil Procedure are applicable to this matter. Rule 55(c) allows a District Court to set aside an entry of default or judgment by default in accordance with rule 60(b), which, in turn, pertains to relieving a party from final judgment, order, *243 or proceeding for, inter alia, mistake, inadvertence, surprise, or excusable neglect. These rules are similar to Rule 123(c). A taxpayer's failure to file a timely petition is not a default, and dismissing the case for lack of jurisdiction is not a dismissal, as those words are used in the cited rules. Default and dismissal, as used therein, presuppose that the Court has jurisdiction and is rendering by the dismissal or default an adjudication on the merits. See Rule 123(d). The Federal Rules of Civil Procedure cannot be used to expand our jurisdictional requirements. Rule 31(d), which petitioner also cites, provides that pleadings shall be construed to do substantial justice. In this case we are not construing a pleading, i.e., the petition. We are determining the date of the mailing of the notice of deficiency and the date of the filing of the petition. These are not items which can be construed. The long and the short of it is that there must be compliance with the statutory mandate of filing a petition within 90 days from the mailing of the notice of deficiency for our jurisdiction to commence. In the absence of a timely filing, this Court cannot obtain jurisdiction. *244 We simply have no authority to expand the statutory mandate, whatever the equities may be and regardless of the consequences. August v. Commissioner, supra at 1536. Petitioner's constitutional right to a hearing on the merits of his tax liability for 1986 will have to be satisfied through the refund procedure in the United States District Court or United States Claims Court. Our holding herein does not deprive petitioner of his right to a fair hearing, but merely entitlement to such a hearing in this Court. An order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.↩