J. B. DORSEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dorsey v. Commissioner
Docket No. 22409-91
United States Tax Court
T.C. Memo 1993-182; 1993 Tax Ct. Memo LEXIS 183; 65 T.C.M. (CCH) 2474; April 26, 1993, Filed *183 J. B. Dorsey, pro se. For respondent: Deirdre Whittaker and Aretha Jones. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent seeks dismissal on the ground that the petition was not timely filed as required by section 6213(a). Petitioner objects to respondent's motion on the ground that respondent failed to produce sufficient evidence to establish the date the notice of deficiency was mailed to petitioner. An evidentiary hearing was held on respondent's motion. Respondent issued a notice of deficiency to petitioner, dated July 3, 1991, for the tax year 1987. [2] Respondent determined a deficiency in petitioner's 1987 Federal income tax *184 in the amount of $ 13,537 and additions to tax pursuant to section 6651(a)(1) in the amount of $ 2,481.50, section 6653(a)(1)(A) in the amount of $ 676.85, section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the deficiency, and section 6654(a) in the amount of $ 487.34. The issue for decision is whether petitioner timely filed a petition pursuant to section 6213(a). Respondent alleges that the notice of deficiency was sent by certified mail to petitioner's Tennessee Avenue address on Wednesday, July 3, 1991. If respondent is correct, the 90-day period would have expired on Tuesday, *185 October 1, 1991, rendering the petition untimely since the petition was hand-delivered to the Court on Wednesday, October 2, 1991. [3]
In opposition to respondent's motion, petitioner contends that respondent failed to prove the date of the mailing of the notice of deficiency. According to petitioner, the notice of deficiency could have been mailed after July 3, 1991. If petitioner is correct, the 90-day period would not have expired prior to the filing of the petition. FINDINGS OF FACT Petitioner resided in Washington, D.C., at the time of the filing of the petition herein. Respondent presented the testimony of two Internal Revenue Service (IRS) employees, Alicia Terrell (Terrell) and Catherine Jones (Jones). Terrell and Jones were the only two 90-day notice clerks employed in the Examination Support and Processing Branch (ESPB) *186 of the IRS at the Richmond District Office at the time the statutory notice of deficiency was issued to petitioner. During this period, Jones was in training as a 90-day notice clerk and Terrell was her supervisor. The 90-day notice clerk is responsible for reviewing the certified mail list for accuracy. This entails verifying the name, address, and tax year indicated on the certified mail list against the name, address, and tax year shown on the notice of deficiency. After the inspection, the notice is stamped with the current date and prepared for mailing. The clerk then delivers the notice of deficiency, which is enclosed in an envelope, accompanied by the certified mail list, to the U.S. Postal Service. Once at the post office, the postal clerk will verify the information on the certified mail list with the information reflected on the envelope enclosing the notice of deficiency. If the information is accurate, the postal clerk will stamp the certified mail list with a U.S. Postal Service stamp, which indicates the current date and the post office location. The 90-day notice clerk, upon returning from the post office with the stamped certified mail list, checks the certified *187 mail list to ascertain if the list was properly completed. If there is an error, the clerk is to return to the post office and have any mistakes corrected. Copies of the original postmarked certified mail lists are retained by the ESPB as part of its official records. Neither Terrell nor Jones has a specific recollection of review of or the mailing of the notice of deficiency to petitioner. The 90-day notice clerk is also responsible for creating a control card which reflects information such as the date the notice was mailed, the name of the IRS agent to whom the case is assigned, and the address to which the notice was mailed, among other things. The control card is a pre-printed 5-by-8-inch index card created at the same time the certified list is reviewed. The control card, prepared by Jones, contains the following information: stamped in the upper left-hand corner is the date "October 1, 1991". Below this is petitioner's Social Security number. In the space marked "3. Assigned To" is the name "Clinenspeel" (the IRS agent assigned to the case). In the space marked "4. Date Assigned" is a stamped date of "July 3, 1991". In the same space, handwritten, is the figure *188 "C-689". In the upper left-hand corner of the card, petitioner's address "8406 Penhurst Drive, Springfield, Va. 22152" [4] is handwritten. Below that is the tax year indicated by the number "8712". In the lower right-hand corner of the card is a large red stamp stating "DEFAULTED". Below this stamp is a handwritten date of "11-4-91". The "11" portion of the date appears to originally have been entered as a "10". The certified mail list in this case was prepared on a U.S. Postal Service Form 3877. The form contains the name and addresses of petitioner (Tennessee Avenue and Penshurst Drive), the certified mail numbers attached to the envelopes enclosing the notices of deficiency (324689 and 324690, respectively), [5] the total number of pieces of mail listed by respondent (4), and the tax year involved (1987). Information pertaining to other taxpayers was redacted from the copy in the record. *189 The form reflects a postal stamp from the Richmond, Virginia, Civic Center Post Office, which is dated June    , 1991, the exact date being illegible. In addition, the form reflects a notation with corresponding spaces for responses to be filled out by the postal clerk. The notation states "Indicate type of mail" and provides for an appropriate box to be marked. The possible responses are "Registered", "Insured", "COD", "Certified Mail", or "Express Mail". None of the boxes were marked with a response. Both Terrell and Jones indicated that an incorrect postmark and failure to complete the entire Form 3877 are the types of errors which they are responsible for correcting; however neither clerk returned the form to the post office for correction. Petitioner presented a copy of a U.S. Postal Service Form 3849 (Delivery Notice/Reminder/Receipt). The form is used to inform an individual that the Postal Service attempted to deliver certified *190 mail addressed to the individual. It is also used as a receipt of certified mail. The Form 3849 reflects that the postal employee delivered the notice of deficiency to petitioner's address at Tennessee Avenue on Monday, July 8, 1991. The form also contains petitioner's signature indicating his receipt of the notice of deficiency. As previously indicated, petitioner hand-delivered the petition to the Court on Wednesday, October 2, 1991. OPINION Section 6213(a) provides, in part, that a petition must be filed with the Tax Court within 90 days after the date a statutory notice of deficiency is mailed to the taxpayer residing in the United States. If a petition is not filed within the 90-day period, the Court does not acquire jurisdiction of the case. Cataldo v. Commissioner, 60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). Respondent bears the burden of establishing the date of mailing of the notice of deficiency. August v. Commissioner, 54 T.C. 1535, 1536 (1970). The date appearing on the notice of deficiency is not proof of the date of its mailing. Traxler v. Commissioner, 61 T.C. 97, 99 (1973), *191 modified 63 T.C. 534 (1975). Respondent is required to introduce evidence showing that the notice of deficiency was properly delivered to the Postal Service for mailing. Coleman v. Commissioner, 94 T.C. 82, 90 (1990); see Cataldo v. Commissioner, supra at 524. The act of mailing may be proven by evidence of respondent's mailing practices corroborated by testimony or documentary evidence. Coleman v. Commissioner, supra at 90. Respondent is not required to produce employees who personally recall each of the many notices of deficiency which are mailed annually. Cataldo v. Commissioner, supra at 524. Such a requirement would place an impossible burden on respondent. Id. The Court requires respondent to establish her procedure for the mailing of such notice and to introduce evidence showing that such procedure was followed in the case before it. Id. (citing Vitale v. Commissioner59 T.C. 246 (1972); August v. Commissioner, 54 T.C. 1535 (1970)). A *192 properly completed Form 3877, reflecting U.S. Postal Service receipt, represents documentary evidence of the date and the fact of mailing. Coleman v. Commissioner, supra at 90. A properly completed Form 3877 also reflects compliance with IRS established procedures for mailing deficiency notices. Id.; see 2 Audit, Internal Revenue Manual (CCH), sec. 4462.2, at 7900. Exact compliance with Form 3877 mailing procedures raises the presumption of official regularity in favor of respondent. Coleman v. Commissioner, supra at 91 (citing United States v. Ahrens, 530 F.2d 781, 785-786 (8th Cir. 1976); United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984)); see Pietanza v. Commissioner, 92 T.C. 729, 746-747 (1989) (Ruwe, J., dissenting), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991). A failure to comply precisely with Form 3877 mailing procedures may not be fatal if the evidence adduced is otherwise sufficient to prove mailing. Coleman v. Commissioner, supra at 91. *193 Where respondent relies on imprecise mailing procedures (i.e., a defective Form 3877) and other corroborative evidence of mailing, the presumption of official regularity does not apply, and respondent is then subject to a burden of production without the presumption. Id.
Under the circumstances of this case, the evidence submitted does not entitle respondent to apply the presumption of official regularity in order to prove proper mailing. The Form 3877 reflects a postmark in June (rather than July), and the exact date on the postmark is illegible. Also, the remainder of the Form 3877 was not completed. The failure of the 90-day notice clerk to have the postal clerk properly complete the Form 3877 as well as correctly date stamp the Form 3877 is significant and renders the presumption inapplicable. See id. at 92. In order for respondent to prevail, she must produce other evidence which is sufficient to enable her to meet her burden. Respondent presented the IRS control card as pertains to petitioner in an attempt to prove the date of mailing. There are several inconsistencies between the control card and the testimony, which together, render *194 the control card insufficient proof of mailing. Respondent claims that the date stamped in space 4 ("Date Assigned") of July 3, 1991, is the date that the notice of deficiency was mailed. However, respondent failed to support this contention. Both Terrell and Jones stated that the entry in space 4 is the same date that is stamped on the notice of deficiency. Terrell and Jones did not indicate that the date stamped in space 4 is necessarily the date the notice of deficiency was mailed. Another example of inconsistency is that the Penshurst Drive address written on the control card does not correspond with the "C-689" figure found in space 4 of the control card. The 689 portion of the figure corresponds to the last three numbers contained in the certified mail number assigned to the notice of deficiency which was mailed to the Tennessee Avenue address. Jones indicated that this was a mistake she made. Although the error may not be harmful standing alone, in conjunction with the other inconsistencies, it places in question the usefulness of the control card. Finally, the Court has some question concerning the date entered under the "DEFAULTED" stamp in the lower right-hand corner. *195 Respondent contends that the "11-4-91" (a Monday) is accurate and that it reflects a "defaulted" date which is 30 days after the 90-day period has expired. [6] If respondent is correct that the notice of deficiency was mailed on July 3, 1991, and that the 90-day period expired on October 1, 1991, then the "defaulted" date ("11-4-91") is more than 120 days from the date of mailing of the notice of deficiency. Respondent also relied upon the testimony of Terrell and Jones to establish the Richmond District Office's procedures for mailing a notice of deficiency. [7] Although both 90-day notice clerks provided a description of the procedures that are to be carried out in their position, both indicated that they failed to follow some *196 of the guidelines. In particular, neither 90-day notice clerk had the Form 3877 corrected by the postal clerk. Although the Court may on occasion allow the existence of an event to be established by testimony concerning procedure, under the facts of this case, the testimony of Terrell and Jones does not satisfy respondent's burden of proof. Cf. Coleman v. Commissioner, 94 T.C. 82 (1990). In Coleman, a 90-day notice clerk failed to obtain a postal stamp on a Form 3877. Respondent presented, among other things, the testimony of several IRS employees in an attempt to establish the date of mailing through habit evidence. The Court determined that respondent satisfactorily proved the date of mailing. However, the Court did not rely solely on the testimony of the IRS employees. Respondent also presented as evidence contiguous stamped Forms 3877 for the same day as the unmarked Form 3877 in question, as well as a Form 3849 which was dated only one day after the purported date of mailing. *197 The Form 3849 presented here is not determinative of the date of mailing of the notice of deficiency. The form indicates that delivery of the notice of deficiency to petitioner was made on Monday, July 8, 1991, which is 5 days after the notice of deficiency was allegedly mailed. The Court notes that July 4, 1991, was a legal holiday, July 6, 1991, was a Saturday, and July 7, 1991, was a Sunday, which are dates when the IRS offices presumably would have been closed and no notices of deficiency would have been mailed. This leaves only two dates on which the notice of deficiency was likely mailed by the IRS. The first date is Wednesday, July 3, 1991; the second date is Friday, July 5, 1991. The record does not provide sufficient facts to determine which date was in fact the date of mailing of the notice of deficiency. Respondent did not present any evidence concerning IRS mailings which took place from July 3, 1991, through July 8, 1991. Terrell, when asked by respondent, was unable to state what mailings were conducted by the IRS during July 3, 1991, through July 8, 1991. Based upon the record, respondent has not presented sufficient evidence to prove the date of mailing of *198 the notice of deficiency. As a final argument, respondent stated at the hearing that if the mailing date were earlier than the date stamped on the notice of deficiency, then the date of the notice determines the date of mailing. Respondent proceeded to cite the cases Jones v. Commissioner, T.C. Memo. 1984-171, and Loyd v. Commissioner, T.C. Memo. 1984-172. The Court does not question the accuracy of respondent's statement; however, it questions its applicability to these facts. We have not in fact determined that the notice was mailed prior to July 3, 1991, the date reflected on the notice of deficiency. [8]
Respondent has failed to establish the date of mailing of the notice of deficiency. The Court is unable to determine the exact date the notice of deficiency *199 was mailed. Respondent failed to satisfy her burden of proof. Therefore, respondent's motion to dismiss for lack of jurisdiction will be denied. An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The record contains a copy of a notice of deficiency addressed to petitioner at 146 Tennessee Ave, N.E., Washington, D.C. (Tennessee Avenue). The parties agree that a duplicate notice of deficiency was mailed to petitioner at 8406 Penshurst Drive, Springfield, Va. (Penshurst Drive). Unless otherwise stated, references to a notice of deficiency will be to the notice which reflects the Tennessee Avenue address.↩
3. The 90th day from July 3, 1991, was Tuesday, Oct. 1, 1991. Since the petition was hand-delivered, petitioner cannot rely on the timely mailing, timely filing provisions of sec. 7502.↩
4. The Court notes that the spelling of the street name is slightly different on the control card than on the Form 3877.↩
5. The notice of deficiency does not reflect a certified mail number.↩
6. The Internal Revenue Manual provides that if a taxpayer does not petition the Tax Court within 120 days after the notice of deficiency is mailed, the case is considered defaulted and the deficiency can be assessed. 3 Audit, Internal Revenue Manual (CCH), sec. 48(13)2-433.8, at 8263-159.↩
7. Respondent attached to the Motion to Dismiss for Lack of Jurisdiction, the declaration of the Acting Chief of the Quality Assurance Branch of the IRS for the Richmond District Office. The declaration set forth the procedural steps followed in the Richmond office when issuing notices of deficiency. Since the declaration was not offered or entered into evidence, the Court has not considered the declaration for purposes of this opinion.↩
8. While the Form 3877 reflects a postmark date of June    ↩, 1991, respondent has not otherwise argued nor presented any evidence that the notice of deficiency was mailed prior to July 3, 1991.