T.C. Summary Opinion 2007-79


UNITED STATES TAX COURT


DOUGLAS LEROY AND NANCY HELENE MAXFIELD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8135-06S.                    Filed May 22, 2007.


Douglas Leroy and Nancy Helene Maxfield, pro sese.

<u>Michele A. Yates</u> and <u>Ann M. Welhaf</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of sections 6330(d) and 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules

of Practice and Procedure.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the notice of determination) sent to petitioners in April 2006. The issue for decision is whether respondent abused his discretion in sustaining a proposed levy action against petitioners.

### Background

Some of the facts have been stipulated, and they are so found. The record consists of the stipulation of facts and supplemental stipulation of facts with attached exhibits, additional exhibits introduced at trial, and the testimony of petitioner Douglas Maxfield.

From at least 1995 through the time the petition was filed, petitioners resided in Bowie, Maryland. All references to petitioner are to Douglas Maxfield.

Petitioners filed a joint 1999 Federal income tax return. In March 2003, respondent issued petitioners a notice of deficiency determining, inter alia, that petitioners were not entitled to certain claimed deductions. Petitioners did not petition the Court in response to the notice, and respondent assessed tax, penalties, and interest against petitioners on August 4, 2003.

Petitioners did not pay all of the amount assessed for 1999. Respondent issued petitioners a Notice of Intent to Levy and Notice of Your Right to a Hearing in July 2004. Petitioners timely submitted a Form 12153, Request for a Collection Due Process Hearing. Petitioners' case was assigned to a settlement officer, who conducted a telephone hearing with petitioners. Petitioners attempted to challenge the underlying tax liability during the hearing, but the settlement officer refused to consider the issue because respondent had sent petitioners a notice of deficiency.

After the hearing, respondent issued the notice of determination sustaining the proposed levy. The notice of determination states in part that the proposed levy was no more intrusive than necessary and that the requirements of applicable law and administrative procedure were met. Petitioners filed a timely petition for review of respondent's determination.

## Discussion

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after a notice and demand for payment is made. Section 6331(d) provides that the levy may be made only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount

of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the levy is begun.

If a section 6330 hearing is requested, the hearing is to be conducted by the Office of Appeals, and the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(b)(1), (c)(1).  The taxpayer may raise at the hearing any relevant issue relating to the unpaid tax, including a spousal defense or collection alternative.  Sec. 6330(c)(2)(A).  The taxpayer also may challenge the existence or amount of the underlying tax liability at a hearing if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability.  Sec. 6330(c)(2)(B); Montgomery v. Commissioner, 122 T.C. 1 (2004).

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations.  Sec. 6330(d); Iannone v. Commissioner, 122 T.C. 287, 290 (2004).  Where the validity of the underlying tax liability is properly at issue, we review the determination de novo.  When the underlying liability is not properly at issue, the Court will review the Commissioner's determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 183 (2000).

I.   Whether Petitioners Can Challenge the Underlying Tax
     Liability

Petitioners contend that the assessment of tax was untimely.
In the alternative, petitioners contend that the adjustments in
the notice of deficiency are erroneous.  Each contention
constitutes a challenge to the underlying tax liability.  See
Hoffman v. Commissioner, 119 T.C. 140, 145 (2002); Butti v.
Commissioner, T.C. Memo. 2006-66.

Respondent argues that petitioners cannot dispute the
underlying tax liability because they received a notice of
deficiency.  See sec. 6330(c)(2)(B).  Petitioners concede that
respondent mailed a notice of deficiency but assert that it was
never delivered to them.

If the Commissioner properly mails a notice of deficiency to
a taxpayer's last known address, a presumption arises that the
notice was delivered to the taxpayer in the normal course of the
mail.  Zenco Engg. Corp. v. Commissioner, 75 T.C. 318, 323
(1980), affd. without published opinion 673 F.2d 1332 (7th Cir.
1981); Hovind v. Commissioner, T.C. Memo. 2006-143.  The
Commissioner bears the burden of proving proper mailing of a
notice of deficiency.  Coleman v. Commissioner, 94 T.C. 82, 90
(1990).  Proper mailing may be shown by evidence of the
Commissioner's mailing practices corroborated by direct testimony
or documentary evidence of mailing.  Magazine v. Commissioner, 89
T.C. 321, 326 (1987); Hovind v. Commissioner, supra.  A U.S.

Postal Service certified mailing list reflecting delivery of a document by the Commissioner to the Postal Service represents direct evidence of mailing. August v. Commissioner, 54 T.C. 1535, 1536-1537 (1970); Hovind v. Commissioner, supra.

Respondent introduced the testimony of a settlement officer who described respondent's mailing practices. Respondent also introduced a certified mailing list indicating that a notice of deficiency had been mailed to petitioners at their address in Bowie, Maryland. The settlement officer testified there was no indication of irregularity in the preparation or mailing of the notice of deficiency.[1]

We find that respondent properly mailed the notice of deficiency to petitioners' last known address. A presumption of delivery therefore arises. See Zenco Engg. Corp. v. Commissioner, supra. We conclude, however, that petitioners have rebutted the presumption of delivery. Our conclusion is based on petitioner's credible testimony as well as their history of

---

[1] The settlement officer acknowledged that respondent's administrative file did not contain a copy of the notice that was sent to petitioners. The Commissioner's failure to produce a copy of a notice of deficiency may indicate that no notice was mailed. See Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991). However, that is not necessarily the case where, as here, the Commissioner introduces a copy of a certified mailing list and the corroborating testimony of an Internal Revenue Service employee. See Webb v. Commissioner, T.C. Memo. 1996-449. Because petitioners concede the notice was mailed, we need not address this issue further.

aggressively asserting their rights in dealings with respondent. See Butti v. Commissioner, supra.

Petitioners have litigated in this Court previously. In Maxfield v. Commissioner, T.C. Summary Opinion 2006-27, petitioners challenged respondent's deficiency determinations for the taxable years 2000 and 2001. This supports petitioners' contention that they always reply to respondent's notices and letters.

Petitioners also have a long history of dealing with respondent. According to petitioners, respondent has examined at least nine of their tax returns. The parties acknowledge that the examination of petitioners' 1999 return was particularly contentious. For example, petitioners sent letters to the Commissioner of Internal Revenue and the National Taxpayer Advocate complaining about the examination. One letter states in part: "On 14 February 2002 * * * [an Internal Revenue Service agent] came out to my home and conducted an audit of my 1999 tax return. I produced all my 1999 tax records and for 9 and ½ hours we went through the audit. I enjoyed it, it was fun." While the sarcasm in the letter is evident, we have no doubt that petitioner derives a sense of satisfaction from challenging respondent.

Petitioners ultimately asked respondent to close the examination and issue a notice of deficiency. After respondent

informed petitioners that a notice of deficiency had been issued for 1999, petitioners repeatedly asked respondent for a copy of the notice and proof of delivery.  When respondent was unable to provide such information, see supra note 1, petitioner visited the Bowie, Maryland, Post Office and asked a manager to conduct a search of the Post Office's records for delivery information. The manager found no indication that the notice of deficiency had been delivered.[2]

Petitioners' course of conduct indicates they would have sought review of the notice of deficiency had they received it. We therefore conclude that petitioners have rebutted the presumption of delivery.  See Butti v. Commissioner, supra. Because respondent introduced no other evidence establishing that petitioners actually received the notice, we conclude that petitioners can challenge the underlying tax liability.  See sec. 6330(c)(2)(B).  Our standard of review is de novo.  Sego v. Commissioner, 114 T.C. at 610.

---

[2] As respondent notes, petitioner introduced no evidence concerning the length of time the Post Office maintains records of certified mail deliveries.  Thus, respondent argues that petitioner's failure to obtain delivery information may indicate only that the Post Office deleted such information from its files, and not that the Post Office failed to deliver the notice. We agree the absence of delivery information does not necessarily indicate that the notice was not delivered.  Rather, we find petitioner's visit to the Post Office to be further evidence of petitioners' aggressiveness in challenging respondent's determinations.  See Butti v. Commissioner, T.C. Memo. 2006-66.

II.  Whether the Assessment of Tax Was Timely

Petitioners contend that the assessment of tax for 1999 was untimely.  In general, the Commissioner must assess tax within 3 years after the due date of a timely filed return.  Sec. 6501(a) and (b)(1).  The due date of petitioners' return was April 17, 2000.[3]  Because respondent did not assess tax until August 4, 2003, petitioners assert that the limitations period had expired.  We disagree.

Pursuant to section 6503(a)(1), the period of limitations on assessment is suspended during the 90-day period following the mailing of a notice of deficiency and, where the taxpayer does not petition the Court in response to the notice, for an additional 60 days thereafter.  Estate of Mandels v. Commissioner, 64 T.C. 61, 77 n.8 (1975).  A properly addressed notice of deficiency is sufficient to suspend the running of the assessment period even if the taxpayer never receives the notice.  Mollet v. Commissioner, 82 T.C. 618, 623-624 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); McGarvie v. Commissioner, T.C. Memo. 1988-85.

The notice of deficiency was properly addressed and mailed to petitioners in March 2003, within 3 years of the due date of

---

[3] In general, a tax return must be filed on or before the 15th day of April following the close of the calendar year.  Sec. 6072(a).  Because Apr. 15, 2000, was a Saturday, petitioners' tax return was due on the next business day, which was Apr. 17, 2000.  See sec. 7503.

their 1999 return.  Because petitioners did not petition the Court in response to the notice, the assessment period did not expire until September 15, 2003.[4]  See sec. 6503(a)(1).  Thus, the assessment of tax on August 4, 2003, was timely.

As discussed above, petitioners also wish to contest the adjustments made in the notice of deficiency.  Respondent's refusal to consider this issue was an abuse of discretion.  See sec. 6330(c)(2)(B).  The Court therefore will issue an order setting this case for further trial on the issue of the underlying tax liability.

To reflect the foregoing,

<u>An appropriate order will</u>

<u>be issued</u>.

---

[4] Three years after the due date of petitioners' 1999 return was Apr. 17, 2003.  See <u>supra</u> note 3.  Although 150 days after that date was Sunday, Sept. 14, 2003, the assessment period was extended until the next business day.  See sec. 7503; see also <u>Orrock v. Commissioner</u>, T.C. Memo. 1982-293 (holding that sec. 7503 applies to the acts of either a taxpayer or the Commissioner); sec. 301.7503-1(a), Proced. & Admin. Regs.