T.C. Memo. 2009-198

UNITED STATES TAX COURT

THOMAS BUTTI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7403-07L.                    Filed September 3, 2009.

Thomas Butti, pro se.

<u>Frederick C. Mutter</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent sent a Decision Letter
Concerning Equivalent Hearing Under Section 6320 and/or 6330 of
the Internal Revenue Code (decision letter) to petitioner with
respect to a notice of Federal tax lien filed to collect
petitioner's unpaid income tax liabilities for 1991, 1992, and
1993.  The parties and the Court agree that the decision letter

shall be treated as a notice of determination consistent with Craig v. Commissioner, 119 T.C. 252 (2002).  In response to the decision letter petitioner timely filed a petition pursuant to section 6330(d)[1] seeking review of respondent's determination. The issues for decision are:  (1) Whether respondent properly issued a notice of deficiency to petitioner for 1991, 1992, and 1993; (2) whether petitioner received the notice of deficiency for 1991, 1992, and 1993; and (3) whether respondent may proceed with collection of the above-mentioned unpaid income tax liabilities.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time he filed the petition, petitioner resided in New York.

The Statutory Notice of Deficiency

Respondent audited petitioner's income tax returns for 1991, 1992, and 1993.  Petitioner signed Forms 872, Consent to Extend the Time to Assess Tax, for the tax periods ending December 31, 1991 through  1993, extending the time to assess income tax for 1991, 1992, and 1993 to December 31, 1998.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code.

A notice of deficiency was prepared for the deficiencies in petitioner's income tax for 1991, 1992, and 1993. As standard operating procedure, the Commissioner makes a file copy of each notice of deficiency. A file copy of a notice of deficiency (which is kept by the Commissioner) differs from an original notice of deficiency (which is mailed to the taxpayer) in that the original notice of deficiency is stamped with a manager's name and initialed by a technical service reviewer, while the file copy is initialed and dated by the technical service reviewer on the date that the original notice of deficiency is prepared.

After a technical service reviewer prepared petitioner's original notice of deficiency and the file copy of the notice of deficiency, Tax Examining Technician Jessie Lewis (Ms. Lewis) received: (1) The original notice of deficiency for mailing addressed to petitioner in care of the Gowanda Correctional Facility, P.O. Box 311, Gowanda, NY 14070 (Gowanda); (2) the file copy of the notice of deficiency; and (3) a separate mailing envelope for the original notice of deficiency.

Before mailing the original notice of deficiency, Ms. Lewis (1) ensured that the notice of deficiency contained petitioner's Social Security number, was signed by a manager, was properly addressed to petitioner, and showed the correct amount of tax due from petitioner; (2) stamped the date "December 30, 1998" onto

the original and the file copy of the notice of deficiency; and (3) wrote "Z 009 132 170" on the top of page 1 of the file copy of the notice of deficiency.

The envelope sent to petitioner at Gowanda contained the original notice of deficiency, the Tax Advocate letter, and a return envelope. The original notice of deficiency was sent by certified mail, article No. Z 009 132 170, on December 30, 1998, by Ms. Lewis to petitioner in care of Gowanda. The notice of deficiency included petitioner's inmate number, 97R6402. On December 30, 1998, Ms. Lewis walked the original notice of deficiency to the U.S. post office and mailed it to petitioner to ensure it was mailed before December 31, 1998.

In addition to mailing the original notice of deficiency to petitioner on December 30, 1998, Ms. Lewis prepared a U.S. Postal Service Form 3877, Acceptance of Registered, Insured, C.O.D. and Certified Mail, or its equivalent, a certified mail list, for December 30, 1998 (PS Form 3877). The PS Form 3877 states in the first entry "Statutory Notice of Deficiency for the years indicated have been sent to the following taxpayers". The PS Form 3877 lists article No. Z 009 132 170 as mailed by certified mail to Thomas A. Butti, DIN: 97R6402, c/o Gowanda Correctional Facility, P.O. Box 311, Gowanda, NY 14070. In the remarks column associated with article No. Z 009 132 170 is the following: "9112, 9212, 9312". The PS Form 3877 indicates that the mail

listed on the form, including article No. Z 009 132 170 mailed to petitioner, was sent by the "District Director of IRS" from the address "P.O. Box 4645, Grand Central Station, New York, New York 10163". Next to this was typed "By J. Lewis", and Ms. Lewis initialed the PS Form 3877 to indicate that she had prepared it.

Ms. Lewis followed proper procedures in mailing the original notice of deficiency to petitioner on December 30, 1998.

Gowanda's incoming certified, registered, and express mail log for January 4, 1999 (mail log), shows that on that date Gowanda received two pieces of certified mail on petitioner's behalf. The return address on the mail log for both letters is "IRS P.O.B. 4645 Grand Central St., NYC". The mail log shows that one of the pieces of mail bore the certified mail number "Z009132170".

On January 4, 1999, petitioner was not at Gowanda. Petitioner was out to court and was housed at various other correctional facilities between October 22, 1998, and January 20, 1999. Mail petitioner received at Gowanda between October 22, 1998, and January 20, 1999, would have been held for him until he returned to Gowanda.

On January 21, 1999, petitioner signed the legal mail logbook for two pieces of mail from "Internal Rev Grand Central".

Between December 1998 and March 1999 petitioner received at Gowanda only two articles of certified mail from respondent.

One of the articles of certified mail petitioner received was article No. "Z 009 132 170".

Collection

On November 5, 2002, the Internal Revenue Service (IRS) filed a notice of Federal tax lien (NFTL) with respect to petitioner's 1991, 1992, and 1993 income tax liabilities with the County Clerk, Westchester County, White Plains, New York.

On November 8, 2002, respondent sent to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, with respect to petitioner's income tax liabilities for 1991, 1992, and 1993. Petitioner filed a timely Form 12153, Request for a Collection Due Process Hearing (collection hearing).

Appeals Officer Federico Lawrence (AO Lawrence) was assigned to petitioner's case. In accordance with petitioner's wishes, AO Lawrence conducted the collection hearing by correspondence. Petitioner did not offer any collection alternatives during the collection hearing. Petitioner did not complete Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, as requested by AO Lawrence.

AO Lawrence reviewed transcripts and the case file for 1991, 1992, and 1993 and determined that respondent had satisfied the legal and administrative requirements in filing the NFTL. On the basis of his review of the case file and transcripts AO Lawrence

also determined that: (1) The assessment period had not expired for 1991, 1992, and 1993 before the issuance of the notice of deficiency sent to petitioner on December 30, 1998; (2) petitioner did not petition the Tax Court in response to the notice of deficiency; (3) respondent timely assessed petitioner's tax liabilities for 1991, 1992, and 1993; (4) respondent made proper notice and demand for payment after assessment of the taxes; and (5) the collection period had not expired for 1991, 1992, and 1993.

On March 3, 2007, respondent mailed the decision letter sustaining the filing of the NFTL with respect to petitioner's tax liabilities for 1991, 1992, and 1993.

## OPINION

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. Section 6320 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a 30-day period. The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e). Sec. 6320(c).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses,

challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals officer must also verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3); Hoyle v. Commissioner, 131 T.C. ___, ___ (2008) (slip op. at 5).

Petitioner questioned whether respondent issued a notice of deficiency to him for 1991, 1992, and 1993 (i.e., whether the requirements of applicable law and administrative procedure have been met). In Butti v. Commissioner, T.C. Memo. 2008-82 (Butti I), we were faced with the same issue regarding the same taxpayer's 1989 and 1990 income tax liabilities. In Butti I, as in the case at bar, respondent contended that a notice of deficiency was issued to petitioner. In Butti I we held that it was not.

Respondent bears the burden of proving by competent and persuasive evidence that the notice of deficiency was properly mailed. See Coleman v. Commissioner, 94 T.C. 82, 90 (1990); August v. Commissioner, 54 T.C. 1535, 1536-1537 (1970). The act of mailing may be proven by documentary evidence of mailing or by evidence of respondent's mailing practices corroborated by direct testimony. See Coleman v. Commissioner, supra at 90.

Where the existence of the notice of deficiency is not in dispute, a properly completed PS Form 3877 by itself is sufficient, absent evidence to the contrary, to establish that the notice was properly mailed to a taxpayer. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Coleman v. Commissioner, supra at 91. However, where the existence of the notice of deficiency is in dispute, we have previously rejected the Commissioner's reliance on the presumption of regularity based solely on the PS Form 3877. Pietanza v. Commissioner, 92 T.C. 729 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991); see also Koerner v. Commissioner, T.C. Memo. 1997-144 (a PS Form 3877 does not by itself establish that the Commissioner mailed a notice of deficiency); cf. Spivey v. Commissioner, T.C. Memo. 2001-29 (the Commissioner produced a copy of the notice of deficiency and witnesses described how notices of deficiency are produced and mailed).

In Butti I respondent contended that Pietanza was distinguishable; however, respondent did not show that the facts present in Butti I differed in any material way from those in Pietanza. In Pietanza, as in Butti I, the Commissioner: (1) Lost the administrative file, (2) had no copy of a notice of deficiency, (3) did not establish that a final notice of deficiency ever existed, (4) relied on PS Form 3877, and (5) did

not introduce evidence showing how the Commissioner's personnel prepare and mail notices of deficiency.

The case at bar is distinguishable from <u>Pietanza</u> and Butti I. Albeit belatedly, respondent found petitioner's administrative file. Respondent introduced the file copy of the notice of deficiency. Respondent introduced testimonial evidence establishing how respondent's personnel prepare and mail notices of deficiency. Revenue Agent Robert Gruska, who for 20 years has prepared notices of deficiency, credibly testified that as shown by the file copy of the notice of deficiency, an original notice of deficiency was prepared for the deficiencies in petitioner's income tax for 1991, 1992, and 1993. Furthermore, respondent called as a witness Ms. Lewis, the IRS employee who mailed the original notice of deficiency to petitioner, and she credibly testified as to the mailing of the original notice of deficiency.

The original notice of deficiency sent to petitioner on December 30, 1998, was properly prepared in accordance with respondent's policies and procedures. Respondent has shown that he timely issued the notice of deficiency before assessing petitioner's taxes.

Petitioner contends that even if respondent issued the notice of deficiency he never received it. The documentary evidence is to the contrary.

Receipt of a notice of deficiency means receipt in time to petition the Tax Court for a redetermination of the deficiency. Secs. 301.6320-1(e)(3), Q&A-E2, 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs. Respondent has established that on January 4, 1999, Gowanda received the original notice of deficiency and that on January 21, 1999, petitioner acknowledged receipt of the original notice of deficiency by signing the legal mail logbook maintained by Gowanda.

The original notice of deficiency sent to Gowanda was sent by certified mail, article No. Z 009 132 170. Certified mail, article No. Z 009 132 170, is listed on the PS Form 3877 dated December 30, 1998. The sender's address on the PS Form 3877 is "P.O. Box 4645, Grand Central Station". Gowanda's mail log lists two certified mailings to petitioner received on January 4, 1999, with certified mail article No. Z 009 132 170, being one of them and lists a return address of "IRS P.O.B. 4645, Grand Central St., NYC". Gowanda's legal mail logbook shows that petitioner picked up two pieces of mail on January 21, 1999, and each piece of mail is listed in a row that shows the mail was from "Internal Rev Grand Central".

Accordingly, we conclude that petitioner received the notice of deficiency in time to petition the Tax Court for redetermination of the deficiencies. This means that petitioner may not challenge his underlying tax liabilities and we review

respondent's administrative determination for abuse of discretion.  See <u>Sego v. Commissioner</u>, 114 T.C. at 610.

Petitioner did not offer any collection alternatives at his collection hearing or in his petition.  AO Lawrence verified that the requirements of any applicable law or administrative procedure had been met.  Accordingly, we conclude that respondent did not abuse his discretion in determining to proceed with collection of petitioner's 1991, 1992, and 1993 income tax liabilities.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.