**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERNEST D. PORTWINE,

     Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent - Appellee.

No. 15-9004
(CIR No. 7383-13 L)
(Commissioner of Internal Revenue)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

     Ernest D. Portwine unsuccessfully pursued a collection due process (CDP)

hearing before the Internal Revenue Service (IRS) Office of Appeals and an appeal to

the Tax Court.  He now seeks review of the Tax Court's decision, as provided by

26 U.S.C. § 7482.  In light of our recent decision in *Cropper v. Commissioner*,

__ F.3d __, No. 15-9003, 2016 WL 3434747 (10th Cir. June 22, 2016), we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Portwine failed to file tax returns for tax years 2002 through 2007. The IRS prepared substitute returns and determined the tax owed. It mailed Mr. Portwine notices of deficiency stating the taxes owed, as well as penalties and interest. Mr. Portwine neither petitioned the Tax Court for a redetermination of the deficiencies nor paid the IRS.

After the IRS mailed him notices of intent to levy his property and to file a tax lien, Mr. Portwine requested CDP hearings. He wanted to verify whether the IRS followed the proper procedures and to challenge the underlying tax liabilities. An IRS settlement officer set a telephone hearing and informed Mr. Portwine what information to submit to have the tax liabilities addressed. Mr. Portwine submitted no further information and failed to participate in the telephone CDP hearing. Instead, he sent two letters stating that he never received the notices of deficiency.

The Office of Appeals sustained the proposed collection actions. It determined that the settlement officer had verified the mailing of the notices of deficiency and had notified Mr. Portwine of the requirements for having his liabilities readdressed. Balancing the need for efficient collection of taxes with the concern that the collection actions be no more intrusive than necessary, the Office of Appeals concluded that the IRS took proper action in issuing the notices of lien and of intent to levy.

Mr. Portwine then appealed to the Tax Court, again asserting that he had not had the opportunity to challenge the underlying tax liabilities. The Tax Court

2

sustained the Office of Appeals' decision. It concluded that the settlement officer properly verified that the procedural requirements were met. It also held that, regardless of whether Mr. Portwine received any of the deficiency notices, he did not properly challenge the underlying tax liabilities during the CDP hearing despite being given the opportunity to do so. Therefore, he could not challenge the liabilities before the Tax Court. Mr. Portwine now seeks review in this court.

## DISCUSSION

In *Cropper*, we explained,

> when the Tax Court decision rests on its review of an Office of Appeals' determination following a CDP hearing, we apply the same standards as the Tax Court. Thus, we review the Office of Appeals' determinations about challenges to the amount of the underlying tax liability de novo and its administrative determinations unrelated to the amount of tax liability for abuse of discretion.

__ F.3d at __, 2016 WL 3434747 at *3.

Mr. Portwine argues that the Office of Appeals erred in concluding that the IRS properly mailed the notices of deficiency to his last known address. He further asserts that his proper remedy is setting aside and vacating the tax assessments. *Cropper* resolves both of these issues.

"The IRS must prove it properly mailed a deficiency notice by competent and persuasive evidence." *Id.* at *4 (internal quotation marks omitted). *Cropper* held that the IRS adequately demonstrated proper mailing by presenting copies of the notices of deficiency and incomplete PS Forms 3877 (a post office certified mail log) that contained only minor defects and that were date-stamped with the date they were

3

submitted for mailing. *See id.* Similarly, in this case the IRS presented copies of the notices and incomplete PS Forms 3877 that contained only minor defects and were date-stamped.[1] For substantially the same reasons discussed in *Cropper*, *id.* at \*4-5, we conclude the Office of Appeals did not abuse its discretion in determining the IRS properly mailed the notices of deficiency to Mr. Portwine.

Proper mailing having been demonstrated, we may presume that Mr. Portwine received the notices of deficiency. *Id.* at \*5. As in *Cropper*, to rebut the presumption, Mr. Portwine offered only his own unsworn statements that he did not receive them. "We find this insufficient." *Id.*

Moreover, even if he had rebutted the presumption of receipt, Mr. Portwine would not be entitled to have the notices of deficiency set aside, as he contends. *See id.* at \*6. Instead, the proper remedy would be to allow him to challenge the underlying tax liabilities at a CDP hearing. *See id.* at \*6-7. As noted by the Tax Court, Mr. Portwine was given that opportunity and chose not to avail himself of it. He therefore is entitled to no further relief. *See id.* at \*7.

---

[1] The notices list the same address Mr. Portwine was using at the time of the Tax Court hearings. Therefore, Mr. Portwine's discussion of precedent involving notices that the IRS sent to clearly incorrect or outdated addresses is irrelevant. *See Cropper*, __ F.3d at __, 2016 WL 3434747 at \*5 n.6.

Mr. Portwine complains that the IRS's proffered copies of the notices are reprints from its computer database, not photocopies, but he cites no authority indicating that a reprint cannot serve as adequate evidence of the existence of a notice of deficiency. *See also* Fed. R. Evid. 1001(e) (defining "duplicate" to include "a counterpart produced by a . . . electronic . . . process or technique that accurately reproduces the original").

4

## CONCLUSION

We affirm the Tax Court's decision sustaining the Office of Appeals' determination permitting the IRS to proceed with its levy of Mr. Portwine's property and its tax lien.

Entered for the Court

Jerome A. Holmes
Circuit Judge