# United States Tax Court

T.C. Memo. 2023-49

GEORGE LUNIW,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 25671-21L.                                    Filed April 18, 2023.

————

George Luniw, pro se.

*Edward A. Waters* and *Mark J. Tober*, for respondent.


## MEMORANDUM OPINION

URDA, *Judge*:  In this collection due process (CDP) case petitioner, George Luniw, seeks review pursuant to section 6330(d)[1] of the determination by the Internal Revenue Service (IRS) Independent Office of Appeals to uphold the filing of a notice of intent to levy for his 2016 and 2017 tax years.  The CDP proceedings focused on Mr. Luniw's attempt to challenge his underlying liabilities, as well as the propriety of $10,000 in penalties that had been imposed on Mr. Luniw for taking frivolous positions on his returns for these years.

The Commissioner has filed a motion for summary judgment under Rule 121, asserting that Mr. Luniw was barred from challenging his underlying liabilities during the CDP hearing and that the

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary values to the nearest dollar.

**[\*2]** settlement officer did not abuse her discretion in sustaining the proposed levy. We will grant the Commissioner's motion.

*Background*

We draw the following facts from the parties' pleadings and motion papers, including accompanying declarations and exhibits. *See* Rule 121(c). Mr. Luniw lived in Florida when he filed his petition.

I.  *2016 and 2017 Liabilities and Frivolous Return Penalties*

Mr. Luniw timely filed tax returns for his 2016 and 2017 tax years, reporting zero dollars of income for each year. Using information supplied in third-party reports, the IRS prepared substitutes for returns for Mr. Luniw, which reflected income of $100,872 for 2016 and $109,493 for 2017. In May 2019 the IRS sent Mr. Luniw a notice of deficiency by certified mail related to his 2016 and 2017 tax years, but he did not petition this Court for redetermination with respect to either year.

Two sets of assessments followed. First, in August 2019 the IRS assessed against Mr. Luniw a section 6702 frivolous return penalty of $5,000 for each tax year. Second, in November of that year the IRS assessed deficiencies against Mr. Luniw of $15,522 for 2016 and $23,889 for 2017, as well as accuracy-related penalties and interest.

II.  *CDP Proceedings*

In an effort to collect the amounts owed for tax years 2016 and 2017, the IRS issued to Mr. Luniw a Notice of Intent to Levy and Notice of Your Right to a Hearing. Mr. Luniw timely requested a CDP hearing, asserting that he "was not liable or subject to the taxes, nor penalties" and that the "[a]ssessments are erroneous and not found in Notice 2010-33."

The settlement officer assigned to Mr. Luniw's case thereafter sent him a letter scheduling a CDP hearing for December 4, 2020. She noted that Mr. Luniw only raised the issue of erroneous assessments and accordingly requested that he supply support for his position.

In response Mr. Luniw sent a lengthy missive to the settlement officer. Mr. Luniw asserted that his tax returns did not include arguments of the type that might implicate the frivolous return filing penalty, further contending that he earned no taxable income because he was not in the employ of the federal government.

**[\*3]** The settlement officer held a telephone CDP hearing as scheduled. At the hearing Mr. Luniw took the position that the wages he reported as zero should not be questioned and should be accepted without verification. In response the settlement officer warned Mr. Luniw of the penalty under section 6673 for raising frivolous arguments and indicated that a notice of determination sustaining the levy would be issued.

The IRS later issued a Notice of Determination to Mr. Luniw sustaining the proposed levy. The notice explained that Mr. Luniw failed to produce information "to address [his] claim of erroneous assessments" and "failed to provide any relevant arguments for penalty relief." The notice further identified Mr. Luniw's positions that he is not subject to income tax as "frivolous."

*Discussion*

I.  *General Principles*

A.  *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and draw inferences therefrom in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. However, the nonmoving party may not rest upon mere allegations or denials of his pleadings but, rather, must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *see Sundstrand Corp.*, 98 T.C. at 520.

B.  *Standard of Review*

We have jurisdiction to review an Independent Office of Appeals determination pursuant to section 6330(d)(1). *See Murphy v. Commissioner*, 125 T.C. 301, 308 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006). Where the validity of the underlying tax liability is properly at issue, we review the determination regarding the underlying tax liability de novo. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). We review all other

[*4] determinations for abuse of discretion. *See Sego*, 114 T.C. at 610; *Goza*, 114 T.C. at 182. In reviewing for abuse of discretion, we must uphold the Independent Office of Appeals determination unless it is arbitrary, capricious, or without sound basis in fact or law. *See Murphy*, 125 T.C. at 320.

## II.     *Underlying Tax Liabilities*

### A.     *2016 and 2017 Liabilities*

A taxpayer may raise a CDP challenge to the existence or amount of his underlying tax liability only if he did not receive a statutory notice of deficiency for the tax year at issue or otherwise have an opportunity to dispute it. *See* I.R.C. § 6330(c)(2)(B). Mr. Luniw has repeatedly sought to challenge his underlying 2016 and 2017 liabilities as incorrect both in the CDP hearing and before this Court.

The Commissioner, however, has supplied a dated notice of deficiency and a U.S. Postal Service Form 3877, Firm Mailing Book for Accountable Mail, which indicates that the notice was mailed to the address Mr. Luniw has used throughout these proceedings. *See Cropper v. Commissioner*, 826 F.3d 1280, 1286 (10th Cir. 2016), *aff'g* T.C. Memo. 2014-139; *Portwine v. Commissioner*, T.C. Memo. 2015-29, at *10–12, *aff'd*, 668 F. App'x 838 (10th Cir. 2016). "The mailing of a properly addressed letter creates a 'presumption that it reached its destination and was actually received by the person to whom it was addressed . . . .'" *BM Constr. v. Commissioner*, T.C. Memo. 2021-13, at *12 (quoting *Rivas v. Commissioner*, T.C. Memo. 2017-56, at *20); *see also Conn v. Commissioner*, T.C. Memo. 2008-186, 2008 WL 2986391, at *2 ("If the presumption is raised and the taxpayer does not rebut the presumption, the Court may find that the taxpayer received the notice of deficiency . . . ."). For his part, Mr. Luniw has not at any point in these proceedings denied that he received the notice of deficiency.

In short, the undisputed facts in the record before us establish that Mr. Luniw received the notice of deficiency and elected not to petition this Court for redetermination. Mr. Luniw accordingly was precluded from contesting his 2016 and 2017 tax liabilities before the Independent Office of Appeals during his CDP hearing and is similarly precluded before us. *See* I.R.C. § 6330(c)(2)(B); *Goza*, 114 T.C. at 182–83.

[*5]    B.    *Frivolous Return Penalties*

A taxpayer may dispute liability for frivolous return penalties under section 6702 "at a CDP hearing and on review of the CDP determination in this Court, in the absence of any other opportunity to contest it." *Pohl v. Commissioner*, T.C. Memo. 2013-291, at *7–8; *see Callahan v. Commissioner*, 130 T.C. 44, 49 (2008). In that instance the section 6702 penalty is the underlying liability, *see Callahan*, 130 T.C. at 49–50; *Sun River Fin. Tr. v. Commissioner*, T.C. Memo. 2020-30, at *9–10, and the taxpayer is entitled to de novo review of the penalty so long as "he has raised a meaningful challenge to the penalty at his CDP hearing," *Pohl*, T.C. Memo. 2013-291, at *8. But if the taxpayer fails to make a meaningful challenge to the penalty, we review for abuse of discretion. *Burnett v. Commissioner*, T.C. Memo. 2018-204, at *9–10; *Pohl*, T.C. Memo. 2013-291, at *9.

Mr. Luniw failed to raise a meaningful challenge. Section 6330(c)(4)(B) provides that an "issue may not be raised at the hearing if . . . the issue meets the requirement of clause (i) or (ii) of section 6702(b)(2)(A)." Those clauses bar a taxpayer from raising an issue that is based on a position that the Secretary has identified as frivolous. I.R.C. § 6702(b)(2)(A); *see also Burnett*, T.C. Memo. 2018-204, at *9 ("[S]ection 6330(c) permits only 'relevant' issues to be raised. The term 'relevant' does not include frivolous or groundless issues."); *Pohl*, T.C. Memo. 2013-291, at *8 ("If the taxpayer at his CDP hearing advances no rational argument about why the penalty does not apply but instead insists on maintaining frivolous arguments that his wages are not 'income,' he has not made a meaningful challenge to his liability for the penalty.").

In the CDP proceeding Mr. Luniw relied exclusively upon arguments that the IRS has identified as frivolous in I.R.S. Notice 2010-33, 2010-17 I.R.B. 609. *See Clark v. Commissioner*, T.C. Memo. 2012-182, 2012 WL 2532922, at *3. We conclude that he did not raise a meaningful challenge, and thus our task is to determine whether the settlement officer committed an abuse of discretion. *See id*. at *4; *Llanos v. Commissioner*, T.C. Memo. 2021-21, at *6–7 (reviewing for abuse of discretion "[b]ecause [the taxpayer] did not make meaningful challenges to the [section 6702] penalties, his underlying liabilities were not raised properly, and therefore, his underlying liability is not at issue before us").

**[\*6]** III.    *Abuse of Discretion*

In determining whether the settlement officer abused her discretion in sustaining the collection action, we consider whether she (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues Mr. Luniw raised, and (3) weighed "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [Mr. Luniw] that any collection action be no more intrusive than necessary." I.R.C. § 6330(c)(3).

Our review of the record establishes that the settlement officer satisfied each of the three requirements.

A.    *Verification*

We have authority to review a settlement officer's satisfaction of the verification requirement regardless of whether the taxpayer raised the issue at the CDP hearing. *See Kidz Univ., Inc. v. Commissioner*, T.C. Memo. 2021-101, at \*10 (citing *Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011)). Mr. Luniw did not assert in his petition that the settlement officer failed to satisfy this requirement and has set forth no specific facts in support of such a claim. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); *Rockafellor v. Commissioner*, T.C. Memo. 2019-160, at \*12. In any event, based on the record before us, we conclude that the settlement officer conducted a thorough review of the materials relevant to Mr. Luniw's CDP request and verified that all applicable requirements were met.[2]

B.    *Issues Raised*

During the CDP hearing Mr. Luniw raised several frivolous arguments (regarding his 2016 and 2017 tax liabilities) as a means to contest the section 6702 penalties, which had been imposed for making

---

[2] "Where the supervisory approval requirement of section 6751(b)(1) applies, the Appeals officer should obtain verification that such approval was obtained . . . ." *ATL & Sons Holdings, Inc. v. Commissioner*, 152 T.C. 138, 144 (2019). Mr. Luniw did not allege during his CDP hearing or before us that the frivolous return penalties assessed against him were not "personally approved (in writing) by the immediate supervisor of the individual making . . . [the penalty] determination." I.R.C. § 6751(b)(1). He thus has conceded the issue. *See* Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); *see also Sun River*, T.C. Memo. 2020-30, at \*13 n.10.

[*7] similar arguments on his 2016 and 2017 tax returns. *See* Notice 2010-33 (identifying the positions the IRS has determined to be frivolous for purposes of section 6702); *see also Grunsted v. Commissioner*, 136 T.C. 455, 460 (2011) (identifying "returns reflecting zero income and zero tax as frivolous"); *Walker v. Commissioner*, T.C. Memo. 2022-63; *Briggs v. Commissioner*, T.C. Memo. 2016-86.

Despite being given the chance to drop these positions, Mr. Luniw did not do so. As we have explained, these arguments are not relevant issues under section 6330(c)(3), and the settlement officer accordingly did not abuse her discretion in not considering them. *See Burnett*, T.C. Memo. 2018-204, at *11; *Pohl*, T.C. Memo. 2013-291, at *10–11; *Clark v. Commissioner*, 2012 WL 2532922, at *4.

C. *Balancing*

Mr. Luniw did not allege in his petition that the settlement officer failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* I.R.C. § 6330(c)(3)(C). He has thus conceded the issue. *See* Rule 331(b)(4); *see also Ansley v. Commissioner*, T.C. Memo. 2019-46, at *19. In any case, there is no evidence in the record suggesting to us that the settlement officer abused her discretion in finding that the balancing requirement in section 6330(c)(3)(C) was met.

IV. *Section 6673 Penalty*

Pursuant to section 6673(a)(1), we have the authority to impose a penalty of up to $25,000 on a taxpayer who, inter alia, institutes or maintains before this Court a proceeding primarily for delay or pursues a position that is frivolous or groundless. We have not found that Mr. Luniw has made these or similar frivolous claims in previous cases. We thus will choose not to impose this penalty at this time. We caution Mr. Luniw, however, that he risks penalties under section 6673 if he presses these or similar arguments in the future.

V. *Conclusion*

Finding no abuse of discretion, we will grant summary judgment for the Commissioner and affirm the IRS's determination to sustain the levy notice.

**[\*8]**   To reflect the foregoing,

*An appropriate order and decision will be entered.*