# United States Tax Court

T.C. Memo. 2025-49

JORDAN JOHN O'NEILL,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

—————

Docket No. 28075-22.                    Filed May 20, 2025.

—————

Jordan John O'Neill, pro se.

*Gregory Michael Hahn*, *Michelle M. Sisti*, *Logan M. Westerman*, and *Heather L. Wolfe*, for respondent.


## MEMORANDUM OPINION

VASQUEZ, *Judge*: Pending before the Court are the parties' Cross-Motions to Dismiss for Lack of Jurisdiction. Petitioner's Motion to Dismiss, filed May 27, 2024, seeks dismissal on the grounds that the Notices of Deficiency issued to petitioner for tax years 2016 and 2017 are invalid because they were improperly mailed and improperly issued by an official without delegated authority. Respondent filed his Objection on July 12, 2024. Respondent's Motion to Dismiss, filed September 27, 2024, seeks dismissal on the grounds that the Petition was not filed within the time prescribed by section 6213(a) or 7502.[1] Petitioner filed his Objection on October 4, 2024.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times.

**[\*2]**    For the reasons set forth below, we will deny petitioner's Motion and grant respondent's Motion.

## *Background*

On January 30, 2022, petitioner filed a Petition commencing this case, seeking judicial review of (1) a January 4, 2022, Notice of Determination Concerning Collection Actions under IRS Sections 6320 or 6330 of the Internal Revenue Code and (2) two Notices of Deficiency, issued on March 4, 2019, for taxable year 2016 (2016 Notice) and August 5, 2019, for taxable year 2017 (2017 Notice). Petitioner resided in California when he petitioned this Court.

### *Severance*

On May 30, 2023, after reviewing the record, the Court severed the proceeding into two cases: (1) Docket No. 894-22L, to address petitioner's cause of action with respect to the Notice of Determination, and (2) Docket No. 28075-22, to address petitioner's cause of action with respect to the Notices of Deficiency.

### *Respondent's Prior Motion to Dismiss*

On February 26, 2023, respondent filed a Motion to Dismiss for Lack of Jurisdiction, contending that petitioner was time barred from challenging the Notices of Deficiency as his Petition had been filed more than 90 days after the issuance of the 2016 Notice on March 4, 2019, and the 2017 Notice on August 5, 2019. On March 19, 2023, petitioner filed his Objection, arguing that (1) respondent had failed to provide proof of timely mailing of the Notices and (2) the Notices were invalid as they were not issued by an official with delegated authority to do so.

In support of his Motion respondent submitted both Notices along with two U.S. Postal Service (USPS) Forms 3877, Firm Mailing Book for Accountable Mail. USPS Form 3877 is a form used by bulk senders of certified mail, such as the IRS, to document all items mailed on a given day. It lists recipients' names, addresses, and corresponding certified mail tracking numbers. Each USPS Form 3877 proffered by respondent included a USPS date stamp and listed a certified mail tracking number, along with petitioner's name and address that matched the information on both Notices. However, both USPS Forms 3877 lacked signatures from the USPS employees who received the items to mail and information about the total number of pieces that respondent was sending by certified mail on that specific day.

**[\*3]** On June 14, 2023, this Court denied in part respondent's Motion to Dismiss, holding that the presumption of official regularity did not apply because of the defects in the submitted USPS Forms 3877. While respondent's Motion to Dismiss was denied in part, this Court was clear that this "[did] not mean that respondent may not eventually prevail. . . . Our ultimate decision on this issue will depend on the credibility and persuasiveness of what petitioner and respondent offer into evidence at trial."

Given that the defective USPS Forms 3877 provided a sufficient basis to deny respondent's Motion in part, the Court declined to address petitioner's second argument that the Notices were invalid because they were improperly issued by an official without delegated authority.

*Subsequent Motions to Dismiss and Evidentiary Hearing*

On May 27, 2024, petitioner filed a Motion to Dismiss for Lack of Jurisdiction, contending that the Notices were invalid because of improper mailing and issuance by an improper authority. By Order dated September 6, 2024, this Court calendared an evidentiary hearing at the September 23, 2024, Seattle, Washington, trial session, quoting our June 14, 2023, Order: "A trial will be necessary concerning respondent's alleged mailing of the Notices to petitioner."

On September 24, 2024, this Court held an evidentiary hearing, during which the parties' Stipulation of Facts and accompanying Exhibits were entered into evidence. Respondent explained that the Exhibits were submitted to "bolster Respondent's defective certified mailing list that was originally included with the Motion to Dismiss for lack of jurisdiction." In addition to the two Notices and the corresponding USPS Forms 3877, respondent introduced official USPS tracking histories for each Notice generated based on their respective certified mail tracking numbers, confirming the mailing date of the Notices, the unsuccessful attempts at delivery, and their eventual return to respondent due to being unclaimed. Additionally, respondent submitted records from their internal Automated Underreporter (AUR) system, including verified screenshots from the "Case History" and "Statutory Notice History" windows which corroborate the issuance date of the Notices, the mailing address used, the certified mail tracking numbers, and the final delivery status. Finally, respondent provided certified transcripts from the Integrated Data Retrieval System, confirming that petitioner's last known address remained unchanged from 2010 to 2022.

[*4]    After submitting the Exhibits into evidence, respondent asked the Court for leave to renew the Motion to Dismiss "in light of the additional evidence proffered today." The Court granted respondent's request and asked respondent to submit the Motion in writing.

Petitioner did not submit any exhibits or challenge any of respondent's descriptions or characterizations of his evidence. When given the opportunity to address the Court, petitioner chose to speak only about the lack of delegated authority and the resulting invalidity of the Notices. When the Court reminded petitioner that the evidentiary hearing was strictly focused on the question of proper mailing of the Notices, petitioner said he had nothing further to add. When respondent asked for leave to file a renewed Motion to Dismiss, petitioner said: "I would object to her motion in light of the delegation order argument for 2016 and 2017." After respondent filed the Motion to Dismiss for Lack of Jurisdiction on September 27, 2024, petitioner filed a Notice of Objection on October 4, 2024.

*Discussion*

This Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent expressly authorized by Congress. *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985); *Breman v. Commissioner*, 66 T.C. 61, 66 (1976). "Jurisdiction must be shown affirmatively, and [the taxpayer], as the party invoking our jurisdiction . . . , bears the burden of proving that we have jurisdiction over [the] case." *David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 270 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001); *see Fehrs v. Commissioner*, 65 T.C. 346, 348 (1975); *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner*, 35 T.C. 177, 180 (1960). There are two prerequisites to this Court's jurisdiction to redetermine a deficiency: (1) the issuance of a valid Notice of Deficiency by the Commissioner and (2) the timely filing of a petition with the Court by the taxpayer. *Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, 1092 (9th Cir. 2020); *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 130 & n.4 (2022). Petitioner is challenging the validity of the Notices and respondent is challenging the timeliness of the Petition's filing.

It is not disputed that petitioner filed his Petition more than 90 days after each of the Notices was issued. Accordingly, we must dismiss this case as untimely under section 6213(c), unless we agree with petitioner that the Notices were invalid because either they were improperly mailed or improperly issued by an official lacking delegated

5

**[\*5]** authority.  If we agree with petitioner, we must also dismiss the case on the basis that the Notices were invalid.  *See Monge v. Commissioner*, 93 T.C. 22, 27 (1989). Regardless of whether petitioner or respondent prevails, it is clear that we lack jurisdiction to consider this case on its merits.  *See McKay v. Commissioner*, 89 T.C. 1063, 1067 (1987), *aff'd*, 886 F.2d 1237 (9th Cir. 1989).  However, we have jurisdiction to determine the reason why we do not have jurisdiction. *See Shelton v. Commissioner*, 63 T.C. 193, 194–95 (1974).

We look at each of these arguments in turn, beginning with petitioner's challenge to the validity of the Notices.

I.    *Proper Mailing of the Notices of Deficiency*

In deficiency cases we have said that the Commissioner bears the burden of proving by competent and persuasive evidence that a Notice of Deficiency was mailed to the taxpayer.  *Coleman v. Commissioner*, 94 T.C. 82, 90 (1990); *August v. Commissioner*, 54 T.C. 1535, 1536–37 (1970).  The act of mailing the Notice of Deficiency is generally proven by documentary evidence of mailing or by evidence of the Commissioner's mailing practices corroborated by direct testimony. *Coleman*, 94 T.C. at 90; *Magazine v. Commissioner*, 89 T.C. 321, 326 (1987).  Exact compliance with USPS Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner. *Hoyle v. Commissioner*, 131 T.C. 197, 203 (2008), *supplemented by* 136 T.C. 463 (2011); *Coleman*, 94 T.C. at 91.  Conversely, if USPS Form 3877 has any defects, it will not give rise to a presumption of regularity.  *See Knudsen v. Commissioner*, T.C. Memo. 2015-69, at \*14.

Petitioner contends that respondent cannot meet the burden of proving proper mailing because of the incomplete USPS Forms 3877.  In addition to not listing the total number of items or including a signature, petitioner points out that the USPS Forms 3877 fail to identify the listed items as Notices of Deficiency and fail to list the associated taxable years.  We agree with petitioner that these are defects and that as a result, respondent is not entitled to a presumption of official regularity. *See Meyer v. Commissioner*, T.C. Memo. 2013-268, at \*20–28.  However, respondent may still prevail if the evidence of mailing is otherwise sufficient.  *See Coleman*, 94 T.C. at 91; *see also Wheat v. Commissioner*, T.C. Memo. 1992-268, 1992 WL 95632, at \*4.

While not sufficient to create a presumption of official regularity, even a USPS Form 3877 with defects is probative and may be combined

**[\*6]** with additional evidence to meet the Commissioner's burden. *See O'Rourke v. United States*, 587 F.3d 537, 540–42 (2d Cir. 2009); *Coleman*, 94 T.C. at 91–92; *Portwine v. Commissioner*, T.C. Memo. 2015-29, at \*11, *aff'd*, 668 F. App'x 838 (10th Cir. 2016); *Massie v. Commissioner*, T.C. Memo. 1995-173, 1995 WL 225549, at \*3, *aff'd*, 82 F.3d 423 (9th Cir. 1996) (unpublished table decision). In this case both USPS Forms 3877 bear a USPS date stamp reflecting the same date of issuance listed on the respective Notices, March 4, 2019, for the 2016 Notice and August 5, 2019, for the 2017 Notice. Also, each USPS Form 3877 lists petitioner's name, his address, and the certified mail article number exactly as they are listed on the corresponding Notices.

Importantly, respondent is no longer relying solely on the USPS Forms 3877 to verify proper mailing of the Notices as he did in his prior Motion to Dismiss. Respondent has submitted multiple Exhibits into evidence, including certified USPS tracking records as well as internal records which confirm that the Notices were mailed on March 4, 2019, and August 5, 2019, to petitioner's last known address and that delivery was attempted but that both Notices were unclaimed and ultimately returned to respondent. In similar cases this Court has found that a record showing that a Notice was returned to the Commissioner as unclaimed or refused is strong evidence that the Notice was mailed. "Logic dictates that an item cannot be returned as unclaimed unless it was first mailed." *Alamo v. Commissioner*, T.C. Memo. 2017-215, at \*25–26, *aff'd*, 751 F. App'x 583 (5th Cir. 2019). While there is no evidence to establish any deliberate refusal of delivery of the Notices of Deficiency on petitioner's part, he cannot use the fact that the Notices went unclaimed to later assert that the Notices were never mailed to him. *See Massie v. Commissioner*, 1995 WL 225549, at \*3; *cf. Sego v. Commissioner*, 114 T.C. 604, 611 (2000) ("[T]axpayers cannot defeat actual notice by deliberately refusing delivery of statutory notices of deficiency.").

Finally, respondent submitted internal transcripts confirming that petitioner's last known address remained the same from 2010 until 2022, the period during which the Notices were mailed. Petitioner has not argued that this address is incorrect. In fact, it is the same address that petitioner used on his Petition filed with this Court.

As we previously stated, "[o]ur ultimate decision on this issue will depend on the credibility and persuasiveness of what petitioner and respondent offer into evidence at trial." Petitioner did not offer anything into evidence at trial, nor has he made any arguments challenging the

[*7] mailing beyond repeatedly articulating the defects within the USPS Forms 3877, points with which we agree. In contrast we found the evidence proffered by respondent to be credible and persuasive, and we believe that it is sufficient to establish proper mailing.

II. *Procedural Validity of the Notices of Deficiency*

Petitioner contends that the Notices were invalid because of their issuance by respondent's AUR system. As we have repeatedly held, "[a] valid petition is the basis of the Tax Court's jurisdiction. To be valid, a petition must be filed from a valid statutory notice." *Stamm Int'l Corp. v. Commissioner*, 84 T.C. 248, 252 (1985) (first citing *Midland Mortg. Co. v. Commissioner*, 73 T.C. 902, 907 (1980); and then citing *McCue v. Commissioner*, 1 T.C. 986, 988 (1943)).

Section 6212(a) authorizes the "Secretary"[2] to send a Notice of Deficiency if he "*determines* that there is a deficiency in respect of any tax." (Emphasis added.) The U.S. Court of Appeals for the Ninth Circuit has indicated that the issuance of a Notice of Deficiency should reflect "a thoughtful and considered determination that the United States is entitled to an amount not yet paid." *Scar v. Commissioner*, 814 F.2d 1363, 1369 (9th Cir. 1987) (quoting *Couzens v. Commissioner*, 11 B.T.A. 1040, 1159 (1928)), *rev'g* 81 T.C. 855 (1983). The Ninth Circuit further indicated that "the word 'determination' irresistibly connotes consideration, resolution, conclusion, and judgment." *Id.* at 1368 (quoting *Terminal Wine Co. v. Commissioner*, 1 B.T.A. 697, 701 (1925)).

This Court has previously found Notices of Deficiency issued by the AUR system to reflect a thoughtful and considered determination. *See Kelley v. Commissioner*, T.C. Memo. 2023-126, at *4–7 (finding that on the basis of the presumption of regularity and evidence of prior notices, an AUR-system-issued Notice of Deficiency reflected a "thoughtful and considered determination," made by a duly authorized delegate of the Secretary (quoting *Portillo v. Commissioner*, 932 F.2d 1128, 1132 (5th Cir. 1991), *aff'g in part, rev'g in part* T.C. Memo. 1990-68)). Similar to the taxpayers in *Kelley*, petitioner received and responded to a Notice CP 2000 before the issuance of both Notices of Deficiency.[3] "It is the settled general rule that all necessary

---

[2] Section 7701(a)(11)(B) provides that the term "Secretary," as used in the Code, means "the Secretary of the Treasury or his delegate."

[3] Respondent issued petitioner a Notice CP 2000 informing him of proposed changes to his 2016 Form 1040EZ, Income Tax Return for Single and Joint Filers with

[*8] prerequisites to the validity of official action are presumed to have been complied with, and that where the contrary is asserted it must be affirmatively shown." *Lewis v. United States*, 279 U.S. 63, 73 (1929); *see also Harriss v. Commissioner*, T.C. Memo. 2021-31, at *10. Given this presumption and petitioner's failure to present any evidence that supports the contrary, we are persuaded that the Notices of Deficiency reflected a thoughtful and considered determination made by a duly authorized delegate of the Secretary and are therefore valid.

III. *Timeliness of Petition Filing*

In a case seeking the redetermination of a deficiency, the jurisdiction of the Court depends, in part, on the timely filing of a petition by the taxpayer. *Hallmark Rsch. Collective*, 159 T.C. at 130 & n.4 (collecting cases); *Brown v. Commissioner*, 78 T.C. 215, 220 (1982); *see Sanders v. Commissioner*, 161 T.C. 112, 119–20 (2023) (holding that the Court will continue treating the deficiency deadline as jurisdictional in cases appealable to jurisdictions outside the U.S. Court of Appeals for the Third Circuit). In this regard section 6213(a) provides that the petition must be filed with the Court within 90 days, or 150 days if the Notice is addressed to a person outside the United States, after the Notice of Deficiency is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day). The present case is presumably appealable to the Ninth Circuit, *see* § 7482(b), which has held that this 90-day (or 150-day) deficiency deadline is jurisdictional, *see Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d at 1092.

In the Motion to Dismiss, as addressed above, respondent asserts that the 2016 Notice was sent by certified mail on March 4, 2019, and the 2017 Notice was sent by certified mail on August 5, 2019. Petitioner electronically filed the Petition on January 30, 2022, 1,064 days after the mailing of the 2016 Notice and 910 days after the mailing of the 2017 Notice. Respondent contends that petitioner failed to file within the 90-day period prescribed by section 6213(a). While petitioner filed an

---

No Dependents, on September 24, 2018, and his 2017 Form 1040EZ on February 25, 2019. Respondent provided an AUR Case History Transcript which confirms that petitioner responded to the 2016 Notice CP 2000 three times: October 25, 2018, November 30, 2018, and February 5, 2019. The AUR Case History shows that Petitioner responded to the 2017 Notice CP 2000 two times: March 19 and June 25, 2019. Respondent also issued petitioner a Notice CP 22A informing him that respondent had changed his 2016 Form 1040EZ on July 15, 2019, and his 2017 Form 1040EZ on December 16, 2019.

**[\*9]** objection, he does not dispute the date that the Notices were mailed or the date that he filed his Petition. Instead, petitioner focuses exclusively on the validity of the Notices reiterating his argument that the Notices were issued by AUR, which is not a delegated authority. We already addressed this argument and find it to be wholly without merit.

Petitioner asks: "[W]ill this court unilaterally decide to hold Petitioner accountable to prescribed rules, regulation, and procedural time frames . . . and not also hold Respondent equally accountable to the prescribed rules, regulations and procedures by the Secretary"? This Court is not acting unilaterally. Congress has limited our jurisdiction in the deficiency context to those cases in which a petition is timely filed, and we have no authority to extend the deadline in section 6213(a). *See Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d at 1092–95; *Hallmark Rsch. Collective*, 159 T.C. at 166–67; *see also Axe v. Commissioner*, 58 T.C. 256, 259 (1972) ("We have no authority to extend the period provided by law for filing a petition with the Tax Court whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required period."). Petitioner has failed to establish that the Petition was filed with this Court within the required 90-day period.

For these reasons, we will grant respondent's Motion to Dismiss for Lack of Jurisdiction, filed September 27, 2024. We will deny petitioner's Motion to Dismiss for Lack of Jurisdiction, filed May 27, 2024.

To reflect the foregoing,

*An order of dismissal for lack of jurisdiction will be entered.*